STELLA DOMANOWSKI, PLAINTIFF-APPELLANT, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre,* of counsel).

For the respondent, *Lindabury, Depue & Faulks* (*Walter F. Waldau,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. This is an appeal from a judgment for the defendant-respondent in an action based upon a contract of insurance rendered in the Essex County Circuit Court. The cause was tried by the Circuit Court judge with a jury.

There was issued by respondent, on February 15th, 1932, a policy of insurance on the life of Stanley Domanowski, in the face amount of $10,000, which policy also contained, in consideration of the payment of an extra premium, a provision as to accidental death in the event of which an additional $10,000 would be paid. The policy itself contained the provision that "if within two years from the date hereof, the insured whether sane or insane shall die by suicide, the liability of the company shall not exceed the amount of the premiums paid on this policy." The provision as to accidental death benefit provides, among other things, that the additional $10,000 would be paid upon receipt of due proof that the death of the insured occurred during the continuance of the policy while there was no default in the payment of premiums as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means of which—there is a visible contusion or wound on the exterior of the body—provided, however, that no accidental death benefit shall be payable if the death of the insured resulted from suicide while sane or insane; &c.

Upon the death of the insured, he left him surviving his widow, appellant herein, and three children. This action is brought by the widow as the beneficiary of the policy.

It appears that on the evening of June 6th, 1932, insured left his home to attend a meeting of a fraternal society of which he was a director or officer, that he attended this meeting and that sometime before midnight he telephoned his wife, appellant herein, "that he was coming home in about ten minutes." It appears further that on his way home

insured stopped at a roadhouse in Clifton and had several drinks there. The only other persons at the roadhouse were the proprietor, one Pires, and a woman named Stella Sudol. While in the roadhouse, an argument occurred, during which insured exhibited a gun. Thereafter, according to the testimony of Pires and Stella Sudol, insured shook hands with Pires, said good-bye, left the roadhouse and went to his car. Pires testified that shortly after insured left his roadhouse he heard three shots, but that neither he nor Stella Sudol went out of the roadhouse to see what had happened. Subsequently, insured was discovered seated in his car at the wheel, with his head down and with his left arm extended out of the door. The persons who discovered the insured were fellow members of the fraternal society who had gone in search of insured pursuant to inquiry from an employe of insured as to whether or not the latter was at the clubhouse of the society. Upon discovering insured in his automobile, the members of the searching party called out to the occupants of the roadhouse and were admitted therein. The only persons in the roadhouse, as before, were Pires and Stella Sudol. Insured, it was discovered by the searching party, was dead in his automobile. It was in evidence that insured had in his hand when discovered an automatic pistol and that there were several bullet wounds in his body.

The complaint contained two counts, the first count being to recover the ordinary death benefits of the policy and the second count being to recover the accidental death benefits in addition to the ordinary death benefits. Defendant answered, setting up as a defense, among other things, the allegation that insured died by suicide, within two years of the date of the policy. Trial of the action being had, the jury returned a verdict of no cause of action on both counts in favor of the defendant.

Appellant assigned thirty-six grounds for reversal but now abandons all of these except seven. All of the grounds for reversal urged here have to do with the refusal of the trial court to charge certain requests which were as follows:

1. "The plaintiff, Stella Domanowski, is entitled to the

benefit of the presumption that the death of the insured was not caused by self destruction or suicide."

2. "In respect to every human death there is a presumption in law that such death was not suicidal. Such presumption applies in this case and the burden of furnishing evidence that the deceased came to his death by suicide is upon the defendant."

3. "If the jury is satisfied by a preponderance of the credible evidence that Stanley Domanowski did not commit suicide your verdict must be for the plaintiff for the full amount, to wit, $20,000 plus interest in the sum of $2,400, making a total of $22,400."

4. "Where a person is found dead the presumptions are that death was natural or accidental, and suicide will not be presumed."

5. "That the defendant having stated in open court that they would call, and would in fact be happy to call Dr. Wassing, the failure to call him may be considered by the jury and the jury may infer that if he had been called his testimony would have been unfavorable to the defendant."

6. "The jury may disregard the testimony of and are not bound by the conclusions of the experts as to the number of entrance wounds or exit wounds, and if the jury desire they can give effect to the Bloomfield policemen that all three wounds were entrance wounds rather than the testimony of Dr. Norval that one of them was an exit wound."

7. "You have a right to consider in connection therewith that Dr. Norval and his assistant, Dr. Wassing, did not agree as to the findings."

The first, second and fourth of these requested charges may be considered together. It seems to be conceded by appellant that the second request to charge was properly refused as to the second count but is urged as being proper as to the first count. There are no distinguishing words in this request to guide the jury in this distinction and so it was properly refused.

The vice in these three requests is that they seek to substitute a presumption for evidence. The aid of a presumption may be invoked only to establish a *prima facie* case to

entitle the party carrying the burden of proof to go to the jury or to require his opponent to go forward with the evidence. A presumption is applied by the court in a proper case to make that *quantum* of proof that, without which, the court would be obliged to nonsuit or direct a verdict. These requests are not amplified to instruct the jury that a presumption is not evidence and cannot be treated as evidence by the jury in reaching a verdict. These requests were properly refused. *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *N. J. L.* 474.

The third request to charge was charged in substance by the court.

The fifth, sixth and seventh requests to charge embody no proposition of law and the court was justified in refusing so to charge.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   11.

*For reversal*—THE CHIEF JUSTICE, HEHER, JJ.   2.